# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KIMBERLY K. COBB,

      Plaintiff,

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

      Defendant.

No. 17 C 3531

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly Cobb filed this action seeking reversal of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c), and filed cross motions for summary judgment. This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c) and 405(g). For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

---

[1] Nancy A. Berryhill has been substituted for her predecessor, Carolyn W. Colvin, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

# I. PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI benefits on April 16, 2014, alleging that she became disabled on July 1, 2013. (R. at 105, 114). These claims were denied both initially on June 4, 2014, and upon reconsideration on August 1, 2014. (*Id.* at 105, 114, 125, 136). Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ) on February 10, 2016. (*Id.* at 34–96). The ALJ also heard testimony from Jackie Bethel, a vocational expert (VE). (*Id.*). Following the hearing, additional records were entered into the administrative record. (*Id.* at 17). The ALJ denied Plaintiff's request for DIB and SSI on March 11, 2016. (R. at 17–33).

Applying the five-step sequential evaluation process, at step one the ALJ found that Plaintiff did not engage in substantial gainful activity since his alleged onset date of July 1, 2013. (*Id.* at 19). At step two, the ALJ found that Plaintiff had the severe impairments: degenerative disc disease of the lumbar spine, diabetes, bursitis of the hips, and obesity. (*Id.* at 20). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listings enumerated in the regulations. (*Id.* at 21).

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[2] and determined that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except:

> [T]he claimant needs a cane for ambulation. She cannot climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She cannot reach overhead bilaterally. She cannot work in extreme cold or heat, around hazards, or pulmonary irritants. She would have difficulty hearing speech at conversational levels, particularly in the presence of background noise.

(R. at 22). The ALJ determined at step four that Plaintiff is unable to perform any past relevant work. (*Id.* at 26). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony that Plaintiff is capable of performing work as a document specialist, address clerk and circuit board assembler, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 26–27). Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date of July 1, 2013, through the date of the ALJ's decision. . (*Id.* at 27–28).

On March 7, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008).

## II. STANDARD OF REVIEW

A Court reviewing the Commissioner's final decision may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is

weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

### III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is convinced by Plaintiff's argument that the ALJ erred in evaluating the medical opinions of Plaintiff's treating physician.[3]

The opinion of a treating source is entitled to controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *accord Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). A treating physician typically has a better opportunity to judge a claimant's limitations than a non-treating physician. *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996); *Grindle v. Sullivan*, 774 F. Supp. 1501, 1507–08 (N.D. Ill. 1991). "More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances." *Gudgel v. Barnhart*, 345 F.3d 467, 470

---

[3] Because the Court remands for this reason, it does not address Plaintiff's other arguments at this time.

(7th Cir. 2003). Therefore, an ALJ "must offer 'good reasons' for discounting a treating physician's opinion," and "can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2); other citation omitted).

If a treating physician's opinion is not given controlling weight, an ALJ must still determine what value the assessment *does* merit. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)–(6). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Here, the ALJ improperly discounted the opinions of Brenda Rude, M.D. Dr. Rude is Plaintiff's primary care physician and treated Plaintiff every one to three months from December 12, 2003 through July 22, 2014. (*See* R. at 367, 380). Dr. Rude gave three opinions regarding Plaintiff's conditions dated April 25, 2014, July 11, 2014, and July 22, 2014, respectively. (*Id.* at 367–68, 380–81, 533). The Court

finds that the reasons the ALJ offered for discounting these opinions are not supported by substantial evidence.

The ALJ gave "partial weight" to Dr. Rude's opinions because: 1) "these opinions are internally inconsistent, particularly in regard to the number of days away from work and the frequency of needed additional breaks"; 2) "the requirement that the claimant recline is wholly unsupported"; and 3) "the claimant could sit through the hearing, without the need to recline." (R. at 24). There are several errors in the ALJ's analysis, warranting remand on this issue.

First, although the ALJ is entitled to not accord controlling weight to Dr. Rude's opinions, he still must address the factors listed in 20 C.F.R. § 404.1527 to determine what weight to give the opinions. SSR 96-2p. SSR 92-2p states that treating source medical opinions "are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." (*Id.*). Here, the ALJ failed to minimally address several of the enumerated factors provided in 20 C.F.R. § 404.1527. Specifically, the ALJ did not discuss the nature and extent of the treatment relationship, the frequency of examination, or whether Dr. Rude had a relevant specialty.

Additionally, the ALJ inadequately addressed the supportability of Dr. Rude's opinions with the record as a whole. The ALJ merely indicated that Dr. Rude's "requirement that the claimant recline is wholly unsupported." (R. at 24). Yet, the ALJ did not say *how* the requirement was unsupported or cite to any specific examples from the record. *See Frobes v. Barnhart*, 467 F. Supp. 2d 808, 8189 (N.D.

Ill. 2006) ("If the ALJ concludes that the treating physician's opinion is inconsistent with other evidence, she must explain the inconsistency."). Nor did the ALJ address evidence that supports the doctor's finding. For instance, Dr. Rude noted that a side effect of Plaintiff's medications was "sleepiness," and Plaintiff reported needing to lie down due to medication side effects. (R. at 76, 367). Further, Plaintiff's chiropractor, Joel Young, D.C., opined that Plaintiff would need to recline or lie down during the workday in excess of typical breaks. (*Id.* at 439). *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.") (citing *Whitney v. Schweiker,* 695 F.2d 784, 788 (7th Cir. 1982). The sole example the ALJ gave that the requirement to lie down was unsupported was that "the claimant could sit through the hearing, without the need to recline." (*Id.* at 24). However, the regulations indicate that "[i]n instances in which the adjudicator has observed the individual, he or she is not free to accept or reject that individual's complaints solely on the basis of such personal observations." SSR 96-8p; *see also Cole v. Colvin*, No. 1:14-CV-01195-SEB-MJ, 2015 WL 1885452, at *4 (S.D. Ind. Apr. 23, 2015) ("Additionally, the ALJ is prohibited from 'playing-doctor' or 'substituting his personal observations for considered judgments of medical professionals' at all stages of his decision.") (*citing Turner v. Astrue,* 390 F. App'x 581, 584 (7th Cir. 2010).

The only other reason the ALJ gave for discounting Dr. Rude's opinions was because of internal inconsistencies between the two RFC questionnaire's Dr. Rude

completed, "particularly in regard to the number of days away from work and the frequency of needed additional breaks." (R. at 24). True, there are differences between the number of days away from work and the frequency of breaks in these two questionnaires completed over a three-month period. However, "[m]ere differences between medical opinions is not reason enough to find inconsistency and disregard a treating physician's opinion without further analysis." *Terhaar v. Colvin*, No. 14C 1163, 2015 WL 3654343, at *3 (N.D. Ill. June 11, 2015). Here, the ALJ offered no other analysis of the ways Dr. Rude's opinions were inconsistent or unsupported by the record. The ALJ ignored evidence including Dr. Rude's own progress notes spanning approximately 50 visits, imaging results, chiropractic evaluations and treatment notes that supported Dr. Rude's findings in her residual functional capacity questionnaires. *See e.g.* (R. at 344–353, 355–360, 363–365, 368–370, 374–376, 399–401, 403–419, 526–533, 537–38, 540, 543–34, 549, 559–60, 572–73, 579). The Court finds the ALJ erred by failing to address this supportive evidence. *See Scrogham*, 765 F.3d at 697 (finding the ALJ erred when she "neither considered nor explained her decision not to consider the rest of [a treating physician's] copious records, which, upon closer review, might indicate that [claimant] was substantially more limited in his physical abilities than the ALJ initially concluded."). *See also Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2011) ("An ALJ may not selectively consider medical reports, especially those of treating physicians.")

In sum, the ALJ did not "sufficiently account [ ] for the factors in 20 C.F.R. 404.1527," preventing this Court from assessing the reasonableness of the ALJ's decision. *See Schreiber v. Colvin*, 519 Fed. Appx. 951, 959 (7th Cir. 2013) (unpublished decision). Accordingly, the Court finds that the ALJ did not offer substantial evidence for rejecting the opinions of Dr. Rude, which is an error requiring remand. On remand, the ALJ shall properly consider and weigh treating physician opinions, the testimony of Plaintiff, then reevaluate Plaintiff's impairments and RFC, considering all of the evidence and testimony of record and shall explain the basis of her findings in accordance with applicable regulations and rulings. With the assistance of a VE, the ALJ shall determine whether there are jobs that exist in significant numbers that Plaintiff can perform.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [17] is **GRANTED**, and the Commissioner's motion for summary judgment [20] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: August 10, 2018

MARY M. ROWLAND
United States Magistrate Judge